IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie Sylvester Merriweather, ) | |
| ) | |
| Petitioner, ) | Case No. 8:10-cv-2818-MBS-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden Lavern Cohen, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Respondent's motion to dismiss for failure to state a claim. [Doc. 39.] At the time the Petition was filed, Petitioner was a state prisoner; proceeding pro se, Petitioner seeks relief pursuant to Title 28, United States Code, Section 2241. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review applications for post-conviction relief and submit findings and recommendations to the District Court.

Petitioner's Petition for a writ of habeas corpus was filed on November 2, 2010. [Doc. 1.] On December 23, 2010, this Court issued a Report and Recommendation recommending the Petition be dismissed for Petitioner's failure to exhaust administrative remedies. [Doc. 15.] On January 11, 2011, Petitioner's objections to the Report and Recommendation were filed, which indicated Petitioner may have exhausted his administrative remedies. [Doc. 17.] Thus, by Order dated May 9, 2011, the District Court declined to adopt the Report and Recommendation and recommitted this matter to this Court. [Doc. 20.]

On November 1, 2011, Respondent filed a motion to dismiss for failure to state a claim. [Doc. 39.] Thereafter, Petitioner filed a response in opposition to the motion. [Doc. 46.] Accordingly, Respondent's motion is ripe for review.

## BACKGROUND

Petitioner challenges his disciplinary convictions for fighting without a weapon, disobeying a direct order, and threatening to inflict harm on a South Carolina Department of Corrections ("SCDC") employee. [Doc. 1 at 1; Doc. 1-1 at 18.] Petitioner alleges he forfeited good time and earned work credits as a result of the disciplinary convictions and seeks to reinstate his credits. [Doc. 1 at 2, 14; *see also* Doc. 1-1 at 18 (disciplinary report and hearing record).]

On July 1, 2011, Petitioner was released from SCDC custody due to the expiration of his sentence. [Doc. 39-2 ¶ 4; *see also* Doc. 45 (notice of Petitioner's change of address to a private address and noting he had been released from SCDC custody).] Petitioner did not have any term of probation following his incarcerative sentence, and as a result, his release from SCDC custody marked the completion of his service of his sentence. [*Id.*]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under

2

this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

## DISCUSSION

Petitioner's Petition challenging the loss of good time credits was properly brought pursuant to 28 U.S.C. § 2241. *See Clemmons v. South Carolina*, No. 0:08-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008) ("Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under §

2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers."). *But see Freeman v. Pate*, 9:11-cv-01421-DCN-BM, 2011 WL 3420451, at *2 n.3 (D.S.C. July 19, 2011) ("Circuit courts are split on whether 28 U.S.C. § 2241 or 28 U.S.C. § 2254 is the proper statute under which a state inmate should proceed when challenging the execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, No. 06–6646, 2007 WL 570522 (4th Cir. Feb.20, 2007). However, it does not appear that the Fourth Circuit has taken a definitive stance on the issue to date." (citation omitted)), *report and recommendation adopted by* 2011 WL 3420442 (D.S.C. Aug. 3, 2011). However, because Petitioner has been released from SCDC custody, the Petition is moot. *See Freeman*, 2011 WL 3420451, at *3 ("A petitioner seeking to challenge his detention through a federal habeas action must be "in custody in violation of the Constitution or laws or treaties of the United States." The 'in custody' requirement necessitates 'the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.'" (quoting 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)) (citing 28 U.S.C. § 2241(c)(3))); *see also Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) ("Generally speaking, one . . . circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."). Accordingly, the Court recommends Respondent's motion to dismiss be granted and the Petition be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion to dismiss be GRANTED and the Petition be DISMISSED.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

March 2, 2012
Greenville, South Carolina