IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Sylvester Merriweather, ) | |
| ) | C/A No. 8:10-2818-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Warden Lavern Cohen, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

On November 2, 2010, Petitioner Willie Sylvester Merriweather ("Petitioner") filed a pro se habeas corpus action pursuant to 28 U.S.C. § 2241. At that time, Petitioner was in the custody of the South Carolina Department of Corrections ("SCDC"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr and subsequently to Magistrate Judge Jacquelyn D. Austin for pretrial handling.

On December 23, 2010, Magistrate Judge Carr issued a Report and Recommendation recommending the petition be dismissed for failure to exhaust administrative remedies. On January 11, 2011, Petitioner filed objections to the Report and Recommendation in which he indicated that he had exhausted his administrative remedies while the instant action was pending. By order dated May 9, 2011, the court declined to adopt the Report and Recommendation and recommitted the matter to the Magistrate Judge. On July 1, 2011, Petitioner was released from SCDC custody due to the expiration of his sentence. On October 13, 2011, Magistrate Judge Austin entered an order authorizing service of process.[1] On November 1, 2011, Respondent Warden Lavern Cohen ("Respondent") filed a motion to dismiss, noting that Petitioner had been

---

[1] Although Petitioner had previously been ordered by Magistrate Judge Carr to bring his case into proper form pursuant to § 2254, in her October 13, 2011 order authorizing service of process, Magistrate Judge Austin construed the action as being brought pursuant to 28 U.S.C. § 2241. Magistrate Judge Austin noted that § 2241 was appropriate because Petitioner was not challenging his underlying conviction, but rather, his loss of good time credit due to prison disciplinary violations.

released from SCDC custody due to the expiration of his sentence. Respondent also noted that Petitioner was not subject to any term of probation and that Petitioner's entire sentence had been completed.

On March 2, 2012, Magistrate Judge Austin filed a Report and Recommendation, in which she recognized that there remained a question as to whether Petitioner's habeas action should be considered under 28 U.S.C. § 2241 or § 2254. Magistrate Judge Austin noted that despite the Fourth Circuit's recognition of a Circuit split as to what statutory provision should apply in challenges to the execution of a sentence such as loss of good time credit, the Fourth Circuit has declined to adopt a position. See Gregory v. Coleman, No. 06-6646, 2007 WL 570522, at *1 (Feb. 20, 2007). The Magistrate Judge concluded, however, that the issue need not be explored further in this case, because Petitioner had already been released from SCDC custody, rendering his habeas corpus petition moot. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (explaining the "in custody" requirement for filing habeas corpus petitions). Accordingly, Magistrate Judge Austin recommended that Petitioner's action be dismissed. Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not

conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs with the Magistrate Judge's recommendation and incorporates the Report and Recommendation herein. Petitioner's action is DISMISSED as MOOT.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour  
Margaret B. Seymour  
Chief United States District Judge

Columbia, South Carolina  
April 5, 2012

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**